IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARRYL WAYNE STARKS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 5:05-CV-187 (DF) |
| | : | |
| | : | |
| VICTOR WALKER, Warden, | : | |
| | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendant | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Plaintiff DARRYL STARKS, filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. As it appears plaintiff is unable to pay the cost of commencing this action the request to proceed *in forma pauperis* is GRANTED.

## *I. PRELIMINARY MOTIONS*

Plaintiff herein has filed a MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION. Tab #5. In order to obtain injunctive relief, plaintiff bears the burden of proving: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. ***Zardui-Quintana v. Richard***, 768 F.2d 1213, 1216 (11th Cir. 1985); ***Snook v. Trust Company of Georgia Bank of Savannah, N.A.***, 909 F.2d 480, 483 (11th Cir. 1990).

1

Dockets.Justia.com

Injunctive relief will not issue unless the complained-of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

At this juncture, the facts have not been sufficiently developed to determine there is a substantial likelihood that plaintiff will ultimately prevail on the merits. Moreover, the defendant has not had an opportunity to respond to plaintiff's allegations. Accordingly, the undersigned **RECOMMENDS** that plaintiff's motions for a temporary restraining/motion for preliminary injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## II. STANDARD OF REVIEW

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

In any § 1983 action, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, ***overruled in part on other grounds,*** 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff states in the complaint that on May 12, 2005, Warden Victor Walker posted a memorandum stating that no inmate would be allowed to wear his jacket outside of the dormitory. Plaintiff states that he filed an informal grievance requesting that the mandate be repealed after he was forced to walk to and from the "mess hall" in the rain.

Plaintiff states that he met with defendant Walker on June 3, 2005. Plaintiff alleges that defendant Walker asked him (plaintiff) if he liked filing grievances. [doc 6]. Plaintiff asserts the meeting ended with defendant taking his jacket and stating that his grievance and appeal of said grievance would be denied.

3

*III. DISCUSSION*

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." **Farrow v. West**, 320 F.3d 1235, 1248 (11th Cir. 2003). "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." *Id.* (citation omitted)

Plaintiff presents enough facts to support a retaliation claim. Although plaintiff does not frame his complaint with such language, he is entitled to a less stringent standard of review because he is *pro se.* **See Haines v. Kerner**, 404 U.S. 519 (1972). Other allegations made by plaintiff can be addressed by the defendant when plaintiff's retaliation claim is addressed.

*IV. ORDER FOR SERVICE*

IT IS HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the defendant; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the ***Prison Litigation Reform Act*** be filed herein by said defendant as required and permitted by law.

<u>DUTY TO ADVISE OF ADDRESS CHANGE</u>

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞  **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendant is advised that he is expected to <u>diligently</u> defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositve motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to <u>FILE</u> original motions, pleadings, and correspondence with the Clerk of Court; to <u>SERVE</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

5

## DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF DEFENDANT FROM WHOM DISCOVERY IS SOUGHT BY PLAINTIFF. DEFENDANT SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. **The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by defendant, unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline. DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT.

The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!**

☞          **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full.

In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $250.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office **WITHIN FIFTEEN (15) DAYS**.

Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED**, this 19th day of AUGUST, 2005.



                              CLAUDE W. HICKS, JR.
                              UNITED STATES MAGISTRATE JUDGE