IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRYL WAYNE STARKS,<br><br>    Plaintiff<br><br> VS.<br><br>VICTOR WALKER,<br><br>    Defendant | NO. 5:05-CV-187 (DF)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION OF DISMISSAL

  Plaintiff DARRYL WAYNE STARKS is an inmate in the custody of the State of Georgia. He has sued defendant VICTOR WALKER, WARDEN, alleging that he violated his constitutional rights while he was detained at the Hancock State Prison in Sparta, Georgia. The plaintiff avers that defendant confiscated his jacket in retaliation for his filing of grievances.

  Before the court is the defendant's **MOTION TO DISMISS**. Tab #20. On October 25, 2005, the plaintiff was ordered to file a response to the defendant's motion. Tab #21. The plaintiff has complied with the court's order. Tabs #23 and #24.

  Under 42 U.S.C. §1997e(a), a prison inmate is required to exhaust all available administrative remedies before filing suit under §1983. The 11th Circuit has held that in order to satisfy the exhaustion requirement of §1997e(a), an inmate incarcerated by the state prison system must first comply with the grievance procedure established by the state before filing a federal suit. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). This includes seeking leave to file an out-of-time grievance if a grievance is denied as untimely. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999). This requirement prevents inmates from doing an end-run around §1997e(a) and gaining access to federal courts by merely filing an untimely grievance. *Id*. In deciding if an inmate has exhausted all available remedies, the court will not examine the effectiveness of the remedy but focus solely on whether the administrative remedies available were exhausted. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

In considering whether plaintiff STARKS has exhausted his administrative remedies, the undersigned has reviewed the plaintiff's assertions and finds that he has failed to exhaust such remedies. Plaintiff states that he has grieved this same type of conduct before. However, he had not completed the grievance process concerning the incidents that gave rise to the present suit *prior to* filing said suit. Because plaintiff did not grieve defendant Walker's allegedly unconstitutional conduct prior to filing suit, he cannot be said to have exhausted his administrative remedies.

Accordingly, IT IS RECOMMENDED that defendant's motion be **GRANTED** and that the plaintiff's claims be **DISMISSED** *without prejudice*.[1] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 29th day of NOVEMBER, 2005.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal for failure to exhaust administrative remedies are always without prejudice.